IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Centrell Gee (R-24227), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 3061 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| Tom Dart, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Centrell Gee, now a prisoner at Lawrence Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement in Division 1 of the Cook County Jail from November 2014 to March 2015. Defendant Cook County Sheriff Tom Dart moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies and that his claim fails on the merits. For the following reasons, the Court grants Defendant's motion as to the failure to exhaust, and as such need not address Defendant's argument as to the merits of Plaintiff's claim.

## BACKGROUND

### I.  Northern District of Illinois Local Rule 56.1

Because Plaintiff is proceeding *pro se*, Defendant served him with a Local Rule 56.2 "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by Northern District of Illinois Local Rule 56.2. (Dkt. No. 48.) That notice explains how to respond to a motion for summary judgment, and in particular how to respond to a statement of facts. It also explains

that failure to comply with Fed. R. Civ. P. 56 and Local Rule 56.1 will result in the Court assuming the truth of the Defendant's factual assertions. (*See id.*)

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing N.D. Ill. R. 56.1(a)(3)). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). The non-moving party also may submit his own statements of facts, to which the moving party must similarly reply. N.D. Ill. R. 56.1(b)(3)(C). The Court may consider true a moving party's Rule 56.1 factual statement that is supported by the record and that is not properly addressed by the opposing party. *See id.* ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). The same rule applies for facts submitted by a non-moving party that are not contested or responded to by the moving party. *See Koursa, Inc. v. manroland, Inc.*, 971 F. Supp. 2d 765, 770-71 (N.D. Ill. 2013) (citing N.D. Ill. R. 56.1(a) (providing that if additional facts are submitted by the opposing party, the movant may submit a concise reply, and the failure to do so will result in the additional facts being deemed admitted).

Generally, the purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (holding that *pro se* plaintiff's statement of material facts did not comply with Rule 56.1 as it "failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture."). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013).

A district court may insist on strict compliance with its local rules regarding summary judgment. *Metropolitan Life Ins. v. Johnson,* 297 F.3d 558, 562 (7th Cir. 2002). Although Plaintiff is *pro se*, he was nonetheless obligated to comply with Local Rule 56.1. *See Cady*, 467 F.3d at 1061 ("even *pro se* litigants must follow rules of civil procedure"). Defendant submitted a Statement of Material Facts in accordance with Local Rule 56.1. (Dkt. 46.) Plaintiff has not responded to Defendant's 56.1 factual statements, and thus the Court will consider them true to the extent they are supported by the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 880, 884 (7th Cir. 2012).

Plaintiff has submitted a Statement of Additional Material Facts to which Defendant has responded. (*See* Dkt. Nos. 64, 73.) Most of Plaintiff's facts are not supported by citations to the record, and many consist of legal argument. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions in his summary judgment materials about which he would be able to competently testify at a trial. *See* Fed. R. Evid. 602; *Williams v. Saffold*, No. 15 C 3465, 2016 WL 1660527, at *1 (N.D. Ill. Apr. 27, 2016); *Hill v. Officer Phillips*, No. 12 C 9404, 2014 WL 626966, at *1 (N.D. Ill. Feb. 18, 2014). The Court observes, however, that the facts as

to exhaustion are really not in dispute. Rather, the parties dispute whether exhaustion was required. With these standards in mind, the Court turns to the facts of this case.

## II. Factual Background

This lawsuit arises from Plaintiff's allegations that he was subjected to unconstitutional conditions of confinement in Division 1, Tier A2 of the Cook County Jail, where he was housed from November 24, 2014, to sometime in March 2015. (Def.'s Stmt. (Dkt. No. 46) at ¶¶ 4, 5.) Plaintiff alleges conditions including mice in his cell, a lack of hot water in his cell and in the shower, mold in the shower that caused a rash, broken windows, and a leaking toilet. (*Id.* at ¶¶ 5-20). The parties disagree about the severity of these conditions and Defendant's responsibility for creating them or allowing them to persist. As noted above, however, the Court declines to address the merits of the dispute.

Regarding exhaustion, Plaintiff did not file a grievance about the conditions in his cell. (*Id.* at ¶ 23.) Plaintiff acknowledged in his deposition testimony that he received an inmate handbook upon entry to the Cook County Jail, and that he was aware of the grievance procedure at the jail. (*Id.* at ¶ 22; *see* Pl.'s Dep., Dkt. No. 46-2, at 36:23-37:7.) Plaintiff described the procedure as allowing detainees to submit complaints against officers for unjust conditions. (*Id.*) Plaintiff filed a grievance about the location of the showers in the dayroom and the fact that detainees did not have privacy while showering. (*Id.* at ¶ 23.) That was the only grievance he could recall filing. (*See* Pl.'s Dep. at 37:24-38:2.) (Pl.'s Stmt. (Dkt. No. 64) at pg. 2, ¶ 1 under subheading "Exhaustion.") Plaintiff further states that Cook County Jail inmates have been filing grievances since at least 2010 with no improvement in the conditions, although he again cites no evidence in support of this statement. (*Id.* at pg. 3, ¶ 3.)

Plaintiff refers to a 2010 Department of Justice report describing conditions at the jail that he states are similar to the conditions in his lawsuit. (*Id.*) He does not attach a copy of the report. As Defendant surmises, this is likely a reference to a report created in advance of *United States v. Cook County*, No. 10 C 2946, which resulted in the entry of a consent decree requiring Sheriff Dart to implement remedial measures to ensure constitutional conditions of confinement at the jail. The consent decree was terminated as to Sheriff Dart earlier this year after the Sheriff's Office demonstrated sustained compliance with its provisions. (*See United States v. Cook County*, No. 10 C 2946, at Dkt. Nos. 358, 361.)

Plaintiff also states that as of 2017, the Department of Justice released another report about Cook County Jail inmates having been subjected to unconstitutional practices, and as a result Division 1 was condemned. (Pl.'s Stmt. at pg. 3, ¶ 4 under subheading "Exhaustion.") It is unclear, however, to what report Plaintiff is referring, and he does not provide it. Plaintiff further questions why he had to exhaust his administrative remedies at all given that there's "an[] ongoing suit about the conditions of Cook County Jail." (*Id.* at ¶ 5.) It is unclear whether Plaintiff is referring to *United States v. Cook County* or some other matter, and again, Plaintiff does not cite to any evidence in the record in support of this assertion.

## **LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599

(7th Cir. 2000) ("The existence of a mere scintilla of evidence supporting a plaintiff's position is insufficient; there must be evidence on which a jury could reasonably find for the plaintiff."). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that he is entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012).

Pursuant to the Prison Litigation Reform Act ("PLRA"), inmates who bring civil rights suits must first exhaust their administrative remedies within the correctional system. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is required even where a suit seeks only money damages and the grievance procedure does not permit the award of such damages, provided that "some action" can be taken in response to the grievance. *Booth v. Churner*, 532 U.S. 731, 736-37 (2001); *see Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (if correctional officials have the ability to take some action in response to the complaint

(even if it is not the remedy requested by the inmate) the administrative process is available for the purposes of the PLRA).

To fulfill the exhaustion requirement, an inmate must comply with the procedures and deadlines established by the jail's policy. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *see Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011) (in order to properly exhaust his remedies, an "inmate must file a timely grievance utilizing the procedures and rules" of the facility's grievance process). The exhaustion of remedies is a precondition to filing suit; a prisoner's attempt to exhaust his administrative remedies after filing suit is insufficient. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). The Seventh Circuit requires strict adherence to the exhaustion requirement. *Dole*, 438 F.3d at 809. "[U]nless the prisoner completes the administrative process by following rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "Unexhausted claims are procedurally barred from consideration." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016).

Because exhaustion is mandatory, the Supreme Court has held that judge-made exceptions to the requirement are impermissible, even in circumstances where the prisoner makes a reasonable mistake about grievance procedures. *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). Under the plain language of the statute, however, prisoners must exhaust only those administrative remedies that are "available." *Id.* at 1858; *see* 42 U.S.C. 1997e(a). Additionally, the failure to exhaust available remedies is an affirmative defense, and the defendant bears the burden of proving such a failure. *See Dole*, 438 F.3d at 809; *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

7

In addition, the Supreme Court has recognized three circumstances in which an administrative remedy may be unavailable: (1) when it operates as a "simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative exhaustion scheme is so opaque that the procedure is essentially "unknowable," so that "no ordinary prisoner can discern or navigate it"; and (3) when correctional officials thwart inmates from using the grievance process "through machination, misrepresentation, or intimidation." *Ross*, 136 S.Ct. at 1859-1860.

## ANALYSIS

Both Plaintiff and Defendant agree that Plaintiff did not file a grievance about the conditions in his cell. They also agree that Plaintiff had received a copy of the jail's inmate handbook, which outlines the grievance procedure, and that he had used the grievance process to complain about another matter – the lack of privacy in the shower. There is no dispute then, that the Cook County Jail had an established grievance procedure at the time of Plaintiff's detention, and that Plaintiff was aware of it, but did not use it to complain about the conditions at issue in this lawsuit.

Plaintiff does not argue that the grievance process was too confusing to navigate, nor would such an argument be persuasive given that he acknowledges having used the procedure in relation to the shower privacy complaint. Nor does he argue that correctional officials took any actions to prevent him from filing a grievance. Plaintiff seems to argue that the grievance process was unavailable because it would have resulted in a dead end. His contention is that detainees at the jail have been filing grievances since 2010, but that conditions have remained the same. Plaintiff, however, cites no evidence that jail conditions have remained unchanged since 2010, and no evidence about the outcome of grievances in general. In describing an administrative procedure

that results in a dead end, the Supreme Court has given as examples circumstances in which the inmate handbook directs grievances to be submitted to a particular office, "but in practice that office disclaims the capacity to consider those petitions," or in which correctional officials have authority to address grievances, "but decline ever to exercise it." *Ross*, 136 S.Ct. at 1859. Plaintiff may have believed that submitting a grievance would be ineffective to address his complaints, but this subjective belief falls well short of evidence that the jail's grievance process was actually unavailable. *See Twitty v. McCoskey*, 226 Fed. App'x 594, 596 (7th Cir. 2007) ("As the Eighth Circuit has observed, 42 U.S.C. § 1997e(a) 'says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.'") (quoting *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000)).

Additionally, Plaintiff's speculation that his complaints would not have been remedied even if he had filed a grievance "confuses the 'effectiveness' an administrative procedure with the 'availability' of one." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). In rejecting a prisoner's argument that the administrative remedy process was unavailable because there was no procedure that could provide him money damages – the only relief he sought – the Seventh Circuit Court of Appeals observed:

> [W]hether the administrative process actually produces a result that satisfies the inmate is not the appropriate inquiry. Instead, courts merely need to ask whether the institution has an internal administrative grievance procedure by which prisoners can lodge complaints about prison conditions. If such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Id.* at 733-34. The same is true in this case. Even if Plaintiff believed the response to his grievance would have been unsatisfactory, he was obligated to try. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536-37 (7th Cir. 1999) (rejecting prisoner's argument that filing a grievance would

have been futile because he was not able to obtain changes to his medical care during the pendency of his lawsuit, and observing, "No one can *know* whether administrative requests will be futile; the only way to find out is to try.") (emphasis in original). "A prisoner who voluntarily bypasses an available grievance procedure for any reason has not exhausted his administrative remedies." *Coleman v. Ilderton*, No. 3:05-CV-459 RM, 2006 WL 572195, at *1 (N.D. Ind. Mar. 6, 2006).

Plaintiff further indicates that the exhaustion requirement should not apply to his lawsuit because Defendant was aware of the complained-of conditions due to an ongoing lawsuit. But he neither identifies that lawsuit nor cites any case law supporting the proposition that lawsuits about similar jail conditions can excuse the filing of a grievance. Nor is the Court aware of any. To allow such an exception would conflict with the Supreme Court's admonition that aside from the requirement that a remedy be available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust." *Ross*, 136 S.Ct. at 1856. Because Defendant has established that Plaintiff failed to exhaust an available grievance procedure prior to filing this lawsuit, his motion for summary judgment is granted.

Dismissals under § 1997e(a) are always without prejudice. *Ford*, 362 F.3d at 400-01. Such a dismissal, however, is final and appealable when the statute of limitations would block a new lawsuit, or when the facility's grievance procedure would bar any attempt to cure the failure to exhaust. *Id.*; *see also Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016). Both of those circumstances likely apply in the instant case, so this dismissal is final and appealable.

If Plaintiff wishes to appeal, he must file a notice of appeal with the Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff

could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in the Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider the Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). He must file any Rule 59(e) motion within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). He must file any Rule 60(b) motion within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), he must file it no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## **CONCLUSION**

For the reasons stated herein, Defendant's motion for summary judgment (Dkt. No. 45) is granted. Final judgment will be entered.

Dated: October 19, 2017

AMY J. ST. EVE
United States District Judge